OAKBRIDGE/ROGERS AVENUE REALTY, LLC *v.*
PLANNING AND ZONING BOARD OF
THE CITY OF MILFORD
(AC 23345)

Flynn, West and McLachlan, Js.

Argued May 29—officially released July 22, 2003

*Matthew B. Woods*, city attorney, with whom, on the brief, was *Cynthia C. Anger*, assistant city attorney, for the appellant (defendant).

*Leo P. Carroll*, for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant, the planning and zoning board of the city of Milford (board), appeals from the judgment of the trial court sustaining the appeal of the plaintiff, Oakbridge/Rogers Avenue Realty, LLC (owner). The board had denied the owner's petition to amend its special permit to add four boat slips to its existing pier in Milford harbor. On appeal, the court

concluded that the board had exceeded its authority. We affirm the judgment of the trial court.

We begin by setting forth the facts and procedural history that are relevant to the defendant's appeal. The owner is a limited liability company holding title to 2.1 acres of real property at 20 Rogers Avenue in Milford.[1] The property, which is adjacent to the harbor, is in a single-family residential zone. In 1967, a special permit was granted to allow two boat slips. In 1991, Joseph Nesteriak, the owner's predecessor in title, was granted an amended special permit to increase the number of slips to four. By petition dated March 1, 2001, the owner sought to amend the special permit again to increase the number of slips to eight.

The board held a public hearing on the owner's petition for an amended special permit on April 17, 2001. At that time, the owner presented the board with a statement of use, which indicated that the harbor management commission had found that the proposed application was consistent with the harbor management plan. The owner also presented expert testimony that the additional slips would produce traffic consistent with the addition of a single-family house on Rogers Avenue and that real property values would not be affected negatively by the additional boat slips. Some of the owner's neighbors voiced support for the petition.

A greater number of neighbors, however, opposed the petition, noting that in the past, as many as eight or nine boats were docked at the existing four slips and that some of those boats did not belong to the owner.[2] The opposition objected to the potential

[1] The limited liability company is owned by fifteen individuals, namely, Joseph Nesteriak, his three sons and their wives and children. They are nonresident owners.

[2] Nesteriak conceded that from time to time, he had permitted his friends, the Special Olympics, a local yacht club and the attorney representing him at the hearing to use the slips out of friendship and as a favor. He did not receive compensation for letting nonowners use the slips, and he did not barter for their use.

increase in motor vehicular traffic the additional slips would bring to Rogers Avenue and the chance that the slips would be used for a commercial enterprise in conjunction with the slips on the adjoining property at 30 Rogers Avenue. At the hearing, neighbors voiced considerable concern about the marina-like activity that occurs at 30 Rogers Avenue. Those speaking in opposition to the petition feared that the neighborhood will loose its residential character if the owner is permitted to add the requested slips. At the time of the hearing, there was no cease and desist order pending against the owner.

The petition was discussed at a meeting of a board subcommittee on April 24 and May 29, 2001. On June 5, 2001, the board voted in favor of a motion that "the [owner's] petition for additional boat slips is inconsistent with the residential zone district within which 20 Rogers Avenue is located." The owner appealed from the board's decision to the Superior Court, which sustained the owner's appeal. The court concluded that the board had exceeded its authority in denying the petition on the ground that increased utilization of a permitted use was inconsistent with the zone in which the property was located, where such use previously was found to be in harmony with the harbor management plan, as required by the zoning regulations. The court observed that the board's concern about the owner's use or misuse of the slips is a matter for the appropriate enforcement of the city's zoning regulations rather than a reason to deny the petition. The board appealed to this court, claiming that the trial court improperly concluded that the board had exceeded its authority in denying the owner's petition to amend the special permit.

We next address the appropriate standard of review with respect to special permits. A special exception is also known as a special permit; *Grasso* v. *Zoning Board*

*of Appeals,* 69 Conn. App. 230, 242 n.7, 794 A.2d 1016 (2002); and whether a zoning board grants a special permit essentially is a discretionary process. *Irwin* v. *Planning & Zoning Commission,* 244 Conn. 619, 626, 711 A.2d 675 (1998). "A special permit allows a property owner to use his property in a manner expressly permitted by local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience and property values. . . . An application for a special permit seeks permission to vary the use of a particular piece of property from that for which it is zoned, without offending the uses permitted as of right in the particular zoning district. . . . When a special permit is issued, the affected property may be allowed an exception to the underlying zoning regulations, but it continues to be governed in the same manner as provided in the overall comprehensive plan." (Citations omitted; internal quotation marks omitted.) *Heithaus* v. *Planning & Zoning Commission,* 258 Conn. 205, 215–17, 779 A.2d 750 (2001).

"The basic rationale for the special permit . . . is that while certain land uses may be generally compatible with the uses permitted as of right in a particular zoning district, their nature is such that their precise location and mode of operation must be individually regulated because of the particular topography, traffic problems, neighboring uses, etc., of the site." (Internal quotation marks omitted.) *Municipal Funding, LLC* v. *Zoning Board of Appeals,* 74 Conn. App. 155, 160, 810 A.2d 312 (2002), cert. granted on other grounds, 262 Conn. 945, 815 A.2d 675 (2003).

"When ruling upon an application for a special [permit], a planning and zoning board acts in an administrative capacity. . . . Generally, it is the function of a zoning board or commission to decide within pre-

scribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The [Appellate Court and] trial court [must] decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. . . . In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. . . . Although a zoning commission or board possesses the discretion to determine *whether* a proposal meets the standards established in the regulations, it lacks the discretion to deny a special permit if a proposal satisfies the regulations and statutes." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 160–61. "[G]eneral considerations such as public health, safety and welfare, *which are enumerated in zoning regulations*, may be the basis for the denial of a special permit." (Emphasis added.) *Irwin* v. *Planning & Zoning Commission*, supra, 244 Conn. 627.

"[C]ourts are not to substitute their judgment for that of the board, and . . . the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . . The trial court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support [the board's] findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Where the board states its reasons on the record we look no further. . . . Where, however, the board has not articulated the reasons for its actions, the court must search the entire record to find a basis for the board's decision. . . . More specifically, the trial court

must determine whether the board has acted fairly or with proper motives or upon valid reasons. . . . We, in turn, must determine whether the court properly concluded that the board's decision to [deny the application for a special permit] was arbitrary, illegal or an abuse of discretion. . . . The evidence, however, to support any such [decision] must be substantial . . . ." (Citations omitted; internal quotation marks omitted.) *Municipal Funding, LLC* v. *Zoning Board of Appeals*, supra, 74 Conn. App. 161–62.

In Milford, boat slips are special uses permitted in single-family residential districts in which the owner's property is located. See Milford Zoning Regs., § 3.1.2.17. Since the 1991 amendment to the owner's special permit was granted, the Milford zoning regulations were amended, eliminating from the regulations a predetermined number of slips permitted pursuant to a special permit. The amended regulation provides: "Private boathouses, landings and docks subject to the following conditions and safeguards: (1) The number of boat slips, berths, moorings and similar spaces proposed shall be consistent with the Milford Harbor Management Plan as determined by the Milford Harbor Management Commission; (2) The lot owner shall obtain all necessary State and Federal permits prior to constructing such boating facilities; (3) Such boat facilities shall be designated for the exclusive use of the owner." The owner here had obtained all of the permits necessary for eight slips.

On appeal, the board relies on § 7.1.3.1 of the Milford zoning regulations to justify its having denied the owner's petition. The regulations permit the board to rely on § 7.1.3.1,[3] which provides: "Zoning Districts: That

_____

[3] Section 7.2.3 of the Milford zoning regulations provides in relevant part: "In approving the application, the Board may place conditions on such approval and shall consider, in addition to the criteria of Section 7.1.3, the following . . . ."

the proposed use shall be of such location, size and character that, in general, it will be in harmony with the appropriate and orderly development of the zoning district in which it is proposed to be situated and will not be detrimental to the orderly development of adjacent properties in accordance with the zoning classification of such properties."

A zoning board is vested with discretion to grant or to deny a petition for a special permit. Regardless of what action the board takes, its decision must be supported by substantial evidence in the record. The record before us does not contain substantial evidence that the addition of four boat slips per se is inconsistent with the residential zone district. The objections to the additional four slips concern the use of the slips by nonowners of the premises, not the number of slips. Those concerns, however, pertain to the manner in which the special permit is used, not to whether the additional slips are consistent with the residential zone district. Furthermore, the regulations make clear that the harbor management commission has the duty to determine the number of permissible boat slips. The harbor management commission had approved the addition of four boat slips at 20 Rogers Avenue.

It appears from the return of record that the board's real concern is not with the number of slips at 20 Rogers Avenue, but with the utilization of the existing slips by nonowners and the potential for even greater abuses of the zoning laws in the future if more slips are permitted. That, however, is a zoning enforcement issue, not a question of whether the additional slips are consistent with the residential zone district. The board and the neighbors have remedies they may pursue with respect to zoning violations. If the owner fails to abide by the zoning regulations, the Milford zoning enforcement officer may take action to enforce the regulations or the board may revoke the special permit, as it is entitled to

do pursuant to § 7.2.9 of the Milford zoning regulations. Finally, whatever joint endeavors might be undertaken by the owners of 20 Rogers Avenue and 30 Rogers Avenue is a matter of speculation, which does not constitute substantial evidence. The court therefore properly sustained the owner's appeal.

The judgment is affirmed.

In this opinion the other judges concurred.